FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

JUL 12 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE E. HOWARD, | No. 11-15308 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00988-OWW-GSA |
| v. | |
| KAMEL, Dr.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted June 26, 2012 [**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

California state prisoner Clarence E. Howard appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Howard's action because Howard did not properly exhaust administrative remedies before filing his complaint, and failed to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *see also Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable" because of improper screening of grievances).

Howard's remaining contentions are unpersuasive.

Appellees' pending motions are denied.

**AFFIRMED.**